Thompfon J.
There has been a lach in the plaintiffs: the ftipulation ihews this is the fecond. The plaintiff ought to have employed other counfel, for the defendant ihould not be prejudiced : being concerned as public profecutor ought not to caufe any injuftice to the defendant: he ought to have the effect of his motion.
Riker for the plaintiffs, offered to confent to common bail. Livingfton J. As the plaintiffs have confented .to common *59 bail though not impofed, Judge Radcliff and myfelf think the motion muff be refufed. The plaintiff, however, will ftipulate and pay the cofts of the laft circuit.
On its being fuggefted that younger caufes had been tried at the circuit, after the court of oyer and terminer had rifen, the court deferred pronouncing judgment till the calendar fhould be examined and that fait afcertained. By a certificate, from the clerk of the court, it appeared that the prefent fuit had been called and palled, and the affidavit of the defendant’s attorney ftated, that younger blues had been determined. On thefe grounds the court ordered judgment as in cafe of nonfuit, faying the certificate of the clerk was equivalent to an affidavit, and it muft be intended the caufe had been regularly paffed.